## Gordon, Secretary of Banking, v. Northern Trust Company et al., Trustees

*Reynolds D. Brown* and *J. Willison Smith, Jr.*, for plaintiff.

*Joseph P. Gaffney*, for defendants.

KUN, J., April 25, 1935.—This is a rule for judgment for want of a sufficient affidavit of defense. The point raised in the affidavit of defense has been before the court on two previous occasions at the instance of the defendants, first, on a rule to strike off the statement of

claim, and then on a statutory demurrer, each time raising the same question. The rule to strike off the statement of claim was discharged, and the statutory demurrer was overruled. We must follow these rulings and make absolute the rule for judgment.

The point involved seems to us to be a very simple one. Isaac D. Hetzel, in his lifetime, became the registered owner of 12 shares of stock of the Royersford Trust Company, of the par value of $100 each, upon which he paid only $50 on each share, the balance being subject to call. Mr. Hetzel died on March 7, 1931, naming the defendants, Northern Trust Company, Richard Curry, and Willard N. Lynch, executors and trustees in his will. The defendants, as executors, filed their account in the orphans' court, which awarded the entire balance of the account to the same defendants as trustees. Though not specifically awarded, the entire fund and estate so turned over included the said 12 shares of stock.

Thereafter, on or about March 1, 1934, the Royersford Trust Company, having been taken over by the Secretary of Banking for liquidation, made a call on the defendants as trustees of the estate of Isaac D. Hetzel, for the payment of the unpaid 50 percent subscription for the said 12 shares of stock. Defendants as trustees, seek to evade liability on the ground, that though they are the same individuals named as executors, they did not specifically transfer the said 12 shares of stock to themselves as trustees, following the award of the orphans' court of the entire estate, from themselves as executors to themselves as trustees. This seems to us a most extraordinary contention. They argue that they, as trustees, are not the owners of the stock because they have not formally transferred it to themselves from their capacity as executors to their capacity as trustees. The effect of their argument is this: the registered owner is dead; the defendants, as executors, have been discharged; the defendants, as trustees, have not "accepted" the stock

as such from themselves as executors, the consequence being that the 12 shares of stock are suspended in space like Mohammed's coffin, without an owner.

Defendants' attorneys have cited to us cases which hold that a donee of stock or legatee of stock is not liable for assessment on it unless he has accepted the stock. There is no such question involved in this case. The defendant trustees are neither donees nor legatees of stock. Liability for an unpaid subscription on stock attaches by reason of the ownership of the stock at the time of the call. The defendant trustees became the holders and owners of the stock immediately on the award of the entire estate made to them as trustees from themselves as executors. It became their duty to perform all the acts necessary to carry out the award if they accepted the trust at all. They could not accept part of the estate as trustees and refuse to accept another part of it. Their failure as executors to transfer to themselves as trustees the stock on the books of the company following the award does not affect the fact of ownership of the stock whatever. Because they failed to do their duty, they cannot point to the supposed hiatus, so as to enable them to argue successfully that at the time of the call there was no owner of the stock.

Had the call for the unpaid subscription been made prior to the adjudication of the defendants' account as executors, there is not the slightest doubt that the claim of the plaintiff would have been recognized as a valid one against the defendants as executors. The necessity for the call did not arise in this case until some time after the adjudication had been filed by the executors and after the award of the entire estate, including the stock, to the defendants as trustees. It is clear to us that the defendant trustees were the holders and owners of the stock at the time of the call, which makes them liable for the unpaid subscription. They have failed to set up a sufficient defense to the claim. Rule absolute.